Stewart, J.,
dissenting. In my opinion the judgment of the majority of the court has been reached by, in effect, drastically amending a legislative enactment, which, of course, is not within the province of the judicial branch of government.
Appellee is not entitled to be paid benefits for any periods of unemployment if, at the time of losing his job, he “is a student regularly attending an established educational institution during the school term or customary vacation periods within the school term.”
It is conceded that at the time appellee lost his job he was enrolled at Youngstown College, an admittedly established educational institution, and that he attended classes for three hours in the morning of each Monday, Wednesday and Friday, with an additional hour on each Wednesday. He was receiving, as a student under the Q-. I. Bill, a subsistence allowance in the amount of $80 per month.
It seems to me that, under the circumstances, appellee *545 comes squarely within the provision as to a student regularly attending an established educational institution.
The provision says nothing as to whether a student’s main occupation is that of a workman or student, or whether the student works more hours than he studies or attends classes, nor does it say anything with reference to whether he is taking a three-, four-, five-, or six-year course.
It was mentioned in argument that the $80 per month allowance from the government would be larger if appellee were taking more hours in classes. However, that is a natural conclusion, for if he were taking more hours in school he would receive his diploma or degree that much sooner.
I agree entirely with the legal proposition that, where a statutory enactment is ambiguous and requires interpretation, such interpretation should, if possible, be one which does not result in a harsh or absurd situation. However, where an enactment is plain and unambiguous, it requires no interpretation, and the court’s duty is simply to apply it and not twist it out of its ordinary meaning.
Appellee was an enrolled student in an established educational institution. He regularly attended classes at stated times for 10 hours a week, and, althoug’h the application of the statute as it exists would result in a harsh situation, that is a legislative problem and not a judicial one.
It seems to me that the court has now added two amendments to the statute, one, that it is not applicable if the student referred to works more hours than he studies or attends classes, and, two, that the provision is not applicable if the student is taking a five- or six-year course rather than a three- or four-year one.
I agree that the amendments the court has made produce a pleasant result, and that it might be wise for the General Assembly to so provide, but I can not concur in the proposition that the court has the power to amend a statute.
It is my belief that the separation of powers among the three branches of government is a sine qua non to the maintenance and perpetuity of American free institutions. Courts should jealously adhere to such a philosophy.
This court is commendably alert to repel any legislative *546 invasion of strictly judicial functions. It should be equally alert to refrain from substituting a judicial decree for a legislative fiat.
Weygandt, C. J., concurs in tbe foregoing dissenting opinion.